WESTERN DIS.
September, 1841.

LABAUVE ET AL.
vs.
DECLOUET.

---

## LABAUVE ET AL. vs. DECLOUET.

APPEAL FROM THE COURT OF THE FIFTH DISTRICT FOR THE PARISH OF ST.

MARTIN, THE JUDGE OF THE SEVENTH PRESIDING.

Where there are ambiguities in the boundaries and corners of a tract of land in controversy, between the defendant and plaintiffs, as vendor and vendees, occasioned by leaving blanks in the notarial act of sale, a private act previously executed between the same parties, will be received in evidence to explain and show the true boundaries and corners; when it is not inconsistent with the notarial act.

This is an injunction case. The plaintiffs were purchasers of a tract of land from the defendant, described in the notarial act of sale, "as situated in the parish of St. Martin, at Fausse Pointe, at a place called Les Isles;" "having .... arpents front; starting from the upper line to .... arpents on the bayou Têche; and from the lower line to .... arpents of said bayou, with the whole depth from the above named limit, and running towards the big woods to which the said land has rights, with all the houses, cabins, and other improvements."

The act of sale retained the usual mortgage and vendor's pri-
vilege. A balance of $2,865, remaining due and unpaid of
the price, the defendant took out an order of seizure and sale
which was enjoined on the following grounds:

*First*—Because A. Mallet père, the husband of Reinè
Benoit, one of the parties to the act of sale and the order of
seizure, was not made a party; nor did he authorize and join
his said wife in the act of sale.

*Second*—The property seized is not described in the notice
of seizure or advertisement,. as it is in the act of sale, nor is
the description made with sufficient accuracy and certainty to
form the basis of a judicial sale; not showing any particular
quantity of land, or boundaries.

*Third*—From the uncertainty in the quantity and boun-
daries, no fair estimate could be made of the value of the land
seized.

*Fourth*—From the vague and indefinite description given,
both in the act of sale and executory proceedings, if the
sheriff was to offer the land for' sale, he would not be able to
make a title to the purchaser for any specific quantity.

*Fifth*—That said order of seizure and the proceedings
thereon are illegal, irregular, and cannot be carried into effect
without causing great injury to the petitioners.

*Sixth*—That the deed of sale conveys to them no specific
quantity of land; the quantity in front and in depth is not
stated, and that both this and the boundary are left in blank;
they acquired no title which they could legally transfer or
make use of, and therefore the sale is a nullity.

That the defendant has failed and neglected to have said
land surveyed, and the quantity and boundaries filled up and
made certain, as he was requested and bound to do to complete
the sale; they pray that said sale be cancelled and annulled,
and the price returned to them with damages: and in default
of this, that the defendant be decreed to complete the title by
designating the quantity and boundaries, and filling up the

blanks in their deed of sale; and that this injunction be per-
petuated, till the defendant complies with their demand herein.

The defendant admitted the sale of the land as alleged; that
the quantity was unknown, but the blanks were to be filled up
subsequently, because the parties did not know the exact dis-
tance from the Bayou Têche to a certain line which had been
previously agreed upon as the front line; and which were to
be filled up at any subsequent time, whenever the plaintiffs
should require it, &c.   He avers his executory process was
regularly sued out, and that the injunction should be dissolved
with damages.

On the trial, among other testimony introduced by the
parties, the defendant offered a private act of sale which had
been executed by the parties describing the land more min-
utely than the public act afterwards signed by them, in conse-
quence of the blanks left in the latter.   This instrument was
objected to because nothing was admissible in evidence against
an authentic deed.   The objections were overruled and the
document admitted, and a bill of exceptions taken.

There was judgment for the defendant for the balance due
on the price of the land sold; and ordering the blanks in the
deed of sale to be filled up according to a plat of survey in
evidence, and that the land be seized and sold to satisfy the
judgment.   The plaintiffs appealed.

*Voorhies & Morse,* for the plaintiffs in injunction, insisted
the defendant's demand should be rejected on two grounds :

1st. Because the whole of the proceedings on which the
order of seizure and sale is predicated, are defective, as well
those preceding as those succeeding the order.   The act of
sale does not specify any certain object sold, but is in blank as
to that; the order of seizure and sale directs no specific object
to' be sold, and the advertisement of the sheriff is equally un-
certain.   One of the plaintiffs being married no notice was
ever served on her husband.   9 La. Rep. 543.

2d. Because the sale in question is null, and can have no
effect against any of the parties. In a sale, the law requires
that the thing sold should be certain and determinate, without
which, the contract would not be valid and binding. This
sale does not give the description of the boundaries, nor the
quantity of land sold; it is left in blank. The defendant has
endeavored to cure the defect by parol evidence, but parol
evidence is inadmissible to complete the sale. The sale was
not signed by all the parties; Antoine Mallet, the husband, did
not authorize his wife. Troplong No. 48-9; 9 Touillier No.
460; 5 La. Rep. 460.

*T. H. Lewis,* for the defendant and appellee.

*Morphy, J.* delivered the opinion of the court.

The plaintiffs sued out an injunction to arrest the execution
of an order of seizure and sale obtained by defendant, in the
exercise of his privilege as vendor of a tract of land. After
alleging various informalities in the executory proceedings,
they aver that the deed of sale on which the order of seizure
issued is incomplete and not valid in law, because it does not
set forth the number of arpents in front and in depth, intended
to be sold, nor the boundaries of the land; that the same have
been left in blank so that they (the plaintiffs,) cannot set up
any right or title to any definite price of property; that there
has been no consent or agreement between them and defen-
dant as to the quantity of land sold, the same not having been
mentioned in the sale because it was unknown; that it was the
duty of the vendor in order to make a delivery of the thing
sold to cause a survey to be made, and the boundaries ascer-
tained, so as to complete the sale and give them a title to a
specific tract of ground; but that he refuses and neglects so to
do. They pray that their injunction be made perpetual; that
the sale may be cancelled, and that defendant may be decreed
to reimburse to them the part of the price already paid, to wit:
$1800, with damages; and in case the sale be not cancelled,

WESTERN DIS.
*September,*1841.

LABAUVE ET AL.
*vs.*
DECLOUET.

they pray that defendant be decreed to complete their title to the land by filling up the blanks in the sale, after causing a survey to be made at his expense, &c. The answer admits that in the notarial sale of defendant to plaintiffs, there was certain blanks left, because the parties did not know at the time the exact distance from the Bayou Têche to a certain line which had previously been agreed upon as the front line of the portion of land thus sold; which blanks were to have been filled at any subsequent time whenever the plaintiffs should require it to be done. It avers that shortly after the execution of the sale, the defendant and plaintiffs by mutual consent and to save the expenses of a regular survey, called on one Mr. Gonsoulin who had in his possession a surveyor's chain, and got him to run out and mark the front and one side line of said land at the place agreed upon; that the plaintiffs were then and there put in actual possession of the plantation, declared themselves perfectly satisfied with the same, and removed a fence on their ground which they placed on the line as marked out by Gonsoulin: and that ever since they have enjoyed, claimed and possessed the same under and by virtue of said sale. The answer concludes with a prayer, that in case the order of seizure be set aside, judgment may be rendered in solido against the plaintiffs for the balance of the price due to defendant; and should the sale be cancelled, that damages be awarded against the plaintiffs for the waste committed on the property during their possession. The injunction staying the executory proceedings was made perpetual, but the plaintiffs were decreed to pay to defendant the balance due on the price of the land, and the blanks in the authentic sale were decreed to be filled up in conformity with a plat of survey made pursuant to a previous order of the court. The plaintiffs appealed.

On the trial, the defendant offered in evidence a private act of sale of the same property, executed between the same parties a few days before the notarial one, and in which natural objects are mentioned, showing the front line agreed

upon, and the boundaries of the portion of land sold by defendant in the rear of a tract adjoining that occupied by himself, on the Bayou Têche. It was objected to on the ground that it made no part of the public act, that it was not binding on the parties who annulled it by passing a sale before the parish judge; that it was not signed by all the parties, and that it could not be used to vary, alter or even explain the public act; the judge admitted the paper in evidence, and we think correctly. Testimony to be sure could not have been heard to complete the sale by showing what was the thing sold, but we can see no valid objection to written evidence of the kind offered by defendant. Writing is indeed required in relation to the proof of the sale of an immoveable, but nothing renders it absolutely necessary that all the essentials necessary to constitute a sale should be evidenced by the same instrument. In the agreement or sale under private signature it is mentioned that an authentic act of sale shall be passed as soon as Mrs. Antoine Mallet shall have obtained her husband's authorization to make the contract. By the execution of a notarial deed before the parish judge, a few days after, the parties never contemplated that it should annul their previous agreement; their object on the contrary, was to confirm it by clothing it with more solemnity, and procuring the authorization of the husband of one of the purchasers who was a married woman. If, in the public act there be any omission, ambiguity or uncertainty, where can the intention of the contracting parties be more properly looked for than in the original agreement which such public act was intended to place among the records of the country? It is true that in the latter act the parties might by consent, have modified their first contract; in such a case, the last deed would undoubtedly have been the best and exclusive evidence of their agreement; but here there is no contradiction whatever between the two acts. The last one has only omitted to mention the distance from the Bayou Têche at which the division line was to exist between the portion of the land sold to plaintiffs in the rear,

WESTERN DIS.
September,1841.

LABAUVE ET AL.
vs.
DECLOUET.

Where there are ambiguities in the boundaries of a tract of land in controversy between the defendant and plaintiffs, as vendor and vendees, occasioned by leaving blanks in the notarial act of sale, a private act previously executed between the same parties, will be received in evidence to explain and show the true boundaries and corners, when it is not inconsistent with the notarial act.

and the front part of it retained by the vendor; the first writing does not mention this distance neither, but it gives the means by which it can be ascertained. It provides that the front line of the portion sold in the rear shall begin at the corner (nearest to the Bayou,) of an orchard touching Broussard's land, and be drawn so as to strike the corner of the sugar house of the plantation, and be continued straight until it reaches the side line of the adjoining property of the vendor. When the purchasers seek to fly from their contract, on the ground that there has been no consent or agreement as to what portion of land was sold, we see no good reason why the vendor should not be permitted to invoke this private act.

Leaving out of view the testimony of the parish judge which was improperly admitted as to what was said or agreed to at the time of drawing up the notarial deed, it might readily be inferred from the subsequent acts and conduct of the parties that it was not from any uncertainty or ignorance about the place where the dividing line was to run that blanks were left in the authentic act. Shortly after its execution we find the plaintiffs assisting in an amicable survey of the land, placing their fence on the front line as staked out by themselves and calling on the judge to fill up these blanks. It is not shown that the defendant refused or was ever requested to join plaintiffs in completing the notarial sale. From the wording of this instrument, taken in connection with the private act, and the whole conduct of the parties, it is evident that fearing the natural objects referred to in their original agreement, should disappear and leave the boundary uncertain, the parties thought it more advisable to measure out the distance from the bayou to the point agreed upon, and designate it by such admeasurement. Upon the whole it appears to us that by ordering a regular survey to be made and the blanks in the sale to be filled up in conformity therewith, and decreeing thereupon the plaintiffs to pay the balance of the price, the judge below has satisfied the law and justice of this case.

It is therefore decreed that his judgment be affirmed with costs.